25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael ROBINSON, Defendant-Appellant.
 No. 93-5781.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-93-24-R)
 Elizabeth D. Scher, Morchower, Luxton and Whaley, Richmond, VA, for appellant.
 Helen F. Fahey, U.S. Atty., N.G. Metcalf, Asst. U.S. Atty., Linda R. Scott, Third-year Law Intern, Richmond, VA, for appellee.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Robinson argues on appeal that there was insufficient evidence to support his conviction on two counts of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C.A. Sec. 841(b)(1)(A)(iii) (West Supp.1994). Because we find that the evidence was sufficient to support his conviction, we affirm.
 
 
 2
 On the first drug charge, a police officer observed Robinson sitting with several others at the kitchen table. On the table were stacks of money. A bag containing 6.28 grams of crack cocaine was on the table next to Robinson. When Robinson saw the officer, he picked up the bag containing crack cocaine and ran "trying to exit the house." Officers testified that this amount is in excess of the amount a person would have for personal use.
 
 
 3
 We find that the evidence, viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982), was sufficient to support Robinson's conviction of possession with intent to distribute this crack cocaine.
 
 
 4
 Robinson's second count of possession with intent to distribute arose out of the investigation of a reported drive-by shooting. Michael Robinson was the victim. Upon inquiry, Robinson's girlfriend admitted that she shot Robinson in his hotel room. She turned a gun over to an officer and escorted him across the street to Robinson's hotel room.
 
 
 5
 As the officer entered the hotel room, he observed another gun, in plain view, on the desk. While picking up the firearm, the officer noticed in the partially open desk drawer, a plastic bag containing bullets. When the officer removed the bag from the drawer, he observed a number of small orange baggies, some of which contained a white rock substance. These baggies were removed from the drawer and found to contain 6.4 grams of crack cocaine.
 
 
 6
 Testimony was presented that Robinson lived alone in the hotel room, and, other than the hotel staff, he had the only key to the room. Robinson stated that he had quit selling drugs eight months earlier; yet, although he was unemployed and had a savings of $350, Robinson lived in the hotel for one month, paying approximately $30 for the room in cash on a daily basis.
 
 
 7
 Robinson testified that he did not know the drugs were in the room. He explained that an acquaintance had left the guns in his hotel room, hoping that Robinson would want to buy them or would be able to sell them. Robinson theorized that the drugs may have been left by this acquaintance or by one of the persons who had visited him that evening.
 
 
 8
 Resolving the credibility of witnesses is for the jury and not the appellate court. See Tresvant, 677 F.2d at 1021. We find that the foregoing evidence was sufficient for the jury to find that Robinson had knowledge and control of the crack cocaine found in his room.
 
 
 9
 Finding that sufficient evidence supported Robinson's conviction, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED